JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 12-00315-CJC(RNBx)                                      Date:  May 22, 2012

Title: <u>JON CORDES v. SELECT PORTFOLIO SERVICING, INC.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Dwayne Roberts</u>                                    <u>    N/A    </u>
Deputy Clerk                                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                             None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

     On January 13, 2012, pro se Plaintiff Jon Cordes filed the present action against Defendant Select Portfolio Servicing, Inc. ("SPS") in California state small claims court for a violation of California's Consumer Credit Reporting Agencies Act ("CCRA").  Mr. Cordes' complaint requests relief in the form of $1.00, costs, and an order requiring SPS to "instruct the credit reporting agencies ― Experian, Equifax and TransUnion ― to delete all derogatory references to LOAN(s) # 2770011558103, and to show loan(s) as PAID AS AGREED and NEVER BEEN LATE or COMPLETE DELETION OF THE TRADELINE."  (Pl.'s Compl., Attach.)  On February, 29, 2012, SPS removed the action to this Court based on federal question jurisdiction.  For the following reasons, the Court, on its own motion, REMANDS this suit to state court because it lacks subject matter jurisdiction.

     A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).  The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A federal court can assert subject matter jurisdiction over cases that: (1) involve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00315-CJC(RNBx)Date: May 22, 2012
Page 2

questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000. 28 U.S.C. § 1331; *id.* § 1332.

SPS has failed to meet its burden to establish federal question jurisdiction under 28 U.S.C. § 1331. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, despite references to federal law, it is clear from the face of the complaint that Mr. Cordes bases his claim for relief on a violation of the CCRA and not the Real Estate Settlement Procedures Act ("RESPA") or the Fair Credit Reporting Act ("FCRA"). In the section of the small claims complaint form for a description of the claim or claims, Mr. Cordes asserts that he claims SPS owes him one dollar, because it "violated CA Consumer Credit Reporting Agencies Act (CCRAA) among others, which provided for private rights of action to enforce them." (Pl.'s Compl., at 2.) His attachment states that "California Civ. Code § 1785.25(a) gives me a direct right of action against furnishers of credit information for reporting 'incomplete or inaccurate' information [that is] specifically exempted from federal preemption form the FCRA." (*Id.*, Attach.) In his prayer for relief portion of his attachment, Mr. Cordes requests relief based on the CCRA and California civil procedure. No such references to a right of action, or any action under a federal statute is made. While it is true that Mr. Cordes makes references to terms used in RESPA and the FCRA, cites to federal cases, and makes vague references to other credit laws, this is insufficient to establish that Mr. Cordes's complaint states claims for violation of the two federal statutes. Accordingly, SPS has failed to demonstrate that this Court has federal question jurisdiction.

**Conclusion**

For the foregoing reasons, this action is hereby REMANDED to state court.

jsk

MINUTES FORM 11
CIVIL-GENInitials of Deputy Clerk dr